UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB A. INGALLS,

          Plaintiff,

                                                                                 Case No. 26-cv-0281-bhl

    v.

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

          Defendant.

## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      On February 19, 2026, Plaintiff Jacob A. Ingalls filed a complaint seeking review of a decision of the Commissioner for Social Security. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

      In his motion, Ingalls states he has no monthly income from wages or salary and his only source of income is monthly SNAP benefits totaling $298.00. (ECF No. 3 at 2.) Ingalls also states he has no assets other than $66.00 in a cash, checking or similar account. (*Id.* at 3.) Based on Ingalls's representations, which include a signed declaration under penalty of perjury, the Court concludes that he would have substantial financial difficulty in paying the filing fee based on his current income, expenses, and assets.

      This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C.

§1915(e)(2)(B)(i).  "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'"  *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

Ingalls timely invoked this Court's jurisdiction pursuant to 42 U.S.C. §405(g).  (ECF No. 1 at 1.)  He argues that the administrative law judge decision denying his claim for social security disability benefits is not supported by substantial evidence and is contrary to law.  (*Id.* at 2.)  These arguments are not obviously frivolous and appear to state a potential claim.  As a result, the Court will grant Ingalls's request to waive prepayment of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ingalls's motion for leave to proceed without prepaying the filing fee, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on February 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge